UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **EDDIE JEROME THOMAS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No.  1:13-CV-8029-SLB |
| | ) Crim. Case No. 1:12-CR-0076-SLB-TMP |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on petitioner Eddie Jerome Thomas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [hereinafter Motion to Vacate]. (Doc. 1; Crim. Doc. 20.)[1] Thomas contends he was improperly sentenced under the Armed Career Criminal Act [ACCA], 18 U.S.C. § 924(e), citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). For the reasons set forth below, the court finds that Thomas's Motion to Vacate is due to be denied.

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 1:12-CR-0076-SLB-TMP, appear as "(Crim. Doc. __)." Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

## I.  STANDARD OF REVIEW

Pursuant to § 2255 –

> A prisoner in custody under sentence of a [district] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)(quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir.1988)(quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep.1981))))(internal quotations omitted).  Thomas has the burden of showing he is entitled to relief from his sentence. *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978)(citing *Coon v. United States*, 441 F.2d 279 (5th Cir.), *cert. denied*, 404 U.S. 860 (1971)).[2]  He must prove "not merely that the errors [in the proceeding] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting [the entire proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

---

[2]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).

## II. BACKGROUND

On February 29, 2012, the Grand Jury returned an Indictment against Thomas. (Crim. Doc. 1.) The Indictment charged Thomas with possession of a firearm in violation of 18 U.S.C. § 922(g)(1); it stated:

> On or about the 19th day of March, 2011, in Talladega County, within the Northern District of Alabama, the defendant,
>
> **EDDIE JEROME THOMAS,**
>
> [1] after having been convicted on January 13, 1992, in the Circuit Court of Talladega County, Alabama, of the offense of Robbery, Second Degree, in case number CC-1991-0397; and [2] after having been convicted on November 6, 1995, in the Circuit Court of Talladega County, Alabama, of the offense of Unlawful Distribution of a Controlled Substance, in case number CC-1995-0494; and [3] after having been convicted on April 14, 2008, in the Circuit Court of Talladega County, Alabama, of the offense of Unlawful Distribution of a Controlled Substance, in case number CC-2007-0683, each of the said offenses being a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, that is, a Hi Point 9mm pistol, in violation of Title 18, United States Code, Section 922(g)(1).

(Crim. Doc. 1.) Thomas's case was set for trial on May 7, 2012. (Crim. Doc. 8.)

However, prior to that date, the court was notified that Thomas wished to plead guilty. A change of plea hearing was held on April 19, 2012. On that date the court accepted Thomas's plea of guilty, finding the "plea of guilty is freely and voluntarily entered, and the requisite factual basis for [the] plea exists." (Crim. Doc. 21 at 22-23.)

Thereafter, following a sentencing hearing, on August 9, 2012, the court entered its Judgment in a Criminal Case, which imposed a custodial sentence of 180 months (15 years)

3

in accordance with § 924(e)(1). (Crim. Doc. 18 at 2.) Thomas did not appeal his conviction and/or sentence.[3]

Thomas now asks the court to vacate his sentence based on three Supreme Court decisions: *Alleyne*, *Descamps*, and *Johnson*. In his Motion to Vacate, Thomas asserts two grounds for relief:

> GROUND ONE: Actual innocence of ACCA sentence that was imposed in violation of the Constitution and laws of the United States.
>
> . . .
>
> Thomas was sentenced to an enhanced statutory sentence under the . . . Armed Career Criminal Act (ACCA) based on facts not charged in the indictment[ ] and not presented to a jury and proved beyond a reasonable doubt. Furthermore, the U.S. Supreme Court recently overruled Harris,[4] and held that such a statutory enhancement is an element of the offense that must be charged in the indictment and proved beyond a reasonable doubt. See Alleyne v. United States, S. Ct. No. 1109335, 6/17/2013. Moreover, one of Thomas's prior drug offenses is not a serious drug offense under the ACCA[ ] and should not have been used as an ACCA predicate. See Descamps v. United States, S. Ct. No. 11-9540, 6/20/2013. Both Alleyne and Descamps are new substantive rules of Constitutional law applicable to collateral review. See Davis v. United States, 417 U.S. 333(1974). Also, a claim of actual [innocence] of an ACCA sentence is cognizable on collateral review. See McQuiggin v. Perkins, S. Ct. No. 12-126, 5/28/2013. Thus, Thomas is entitled to resentencing without the ACCA.
>
> . . .
>
> GROUND TWO: Constitutionally ineffective assistance of defense counsel.
>
> . . .

---

[3]Thomas pleaded guilty without a plea agreement that limited his right to appeal.

[4]*Harris v. United States*, 536 U.S. 545 (2002).

> In the instant case, the ACCA statutory enhancement was not charged in the indictment nor proved to a jury beyond a reasonable doubt.  However, defense counsel failed to conduct an independent investigation into the facts and law applicable to the case, including Thomas's prior offenses that were used as ACCA predicates.  As such, counsel was apparently unaware that Thomas's prior offenses did not qualify as predicate offenses for purposes of the ACCA enhancement, and which raised his statutory sentence from 0 [to] 10 years to 15 to life.  Thus, counsel's failure to investigate and inform himself of the applicable law resulted in erroneous legal advice that clearly prejudiced Thomas by way of the ACCA statutory enhancement.  See Strickland v. Washington, 466 U.S. 668 (1984).  See also Missouri [v.] Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 ( 2012).  Thomas is entitled to resentencing with the effective assistance of counsel for his defense[ ] and without the ACCA enhancement.

(Doc. 1 at 4-6.)

On September 24, 2015, Thomas filed Addenda, (docs. 7 and 14), asking the court to review his prior convictions and to vacate his sentence in light of *Johnson v. United States*. He is "requesting this court to assess on whether his state priors [qualify] as a 'violent felony' in terms of it definition at law in light of [*Johnson*]." (Doc. 7 at 2.) In his second Addendum, Thomas asks the court to determine "whether or not [his prior 1991 second degree robbery involved actual] conduct that used force or [whether] his codefendant [had] used force.  Movant contends that he was present during the robbery but he did not use force in any way."[5]  (Doc. 14 at 2.)  He contends that *Johnson* requires this court to find "who used force" and "who aided by another person actually present," because "[t]hat proof is

---

[5]In his second Addendum, Thomas also asks the court to revisit the Indictment in his robbery case, which, according to Thomas, states that he had used force to rob a store clerk and that he was aided by another person.  (Doc. 14 at 2.)

5

needed to satisfy the Constitution under the void-for-vagueness doctrine where the Constitution guarantees that Due Process." (*Id*. at 3-4.)

### III. DISCUSSION

The ACCA, 18 U.S.C. § 924(e), states:

(e)(1)  In the case of a person who violates section 922(g) of this title[6] and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

(2)  As used in this subsection –

    (A) the term "serious drug offense" means –

        . . .

        (ii)  an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)),[7] for which a maximum term of imprisonment of ten years or more is prescribed by law;

    (B)  the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –

---

[6]Section 922(g)(1) makes it "unlawful for any person – (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

[7]The Controlled Substance Act defines "[t]he term 'controlled substance' [to] mean a drug or other substance . . . included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6).

>   (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another [***the elements clause***]; or
>
>   (ii)  is burglary, arson, or extortion, involves use of explosives, [***the enumerated clause***] or otherwise involves conduct that presents a serious potential risk of physical injury to another [***the residual clause***] . . . .

18 U.S.C. § 924(e)(footnotes and brackets added); *see also Mays v. United States*, 817 F.3d 728, 730-31 (11th Cir. 2016). Based on Thomas's Presentence Investigation Report, (Crim. Doc. 16), the court found that Thomas had three qualifying, state-court convictions for purposes of enhancing his sentence: (1) a 1992 conviction for robbery in the second degree, (2) a 1995 conviction for unlawful distribution of a controlled substance, and (3) a 2008 conviction for unlawful distribution of a controlled substance. His counsel did not object to the three prior convictions or Thomas's status as an armed career criminal for sentencing purposes; at the sentencing hearing, the following discussion occurred between the court and defense counsel:

>   THE COURT:  Other than the filed objections, Mr. Gomany, do you have any other objections to the contents of the presentence report?
>
>   MR. GOMANY [Thomas's Counsel]:  No, Your Honor. Although, I did discuss this at length with my client on many occasions about objecting to the armed career criminal, as an officer of the court, there was no basis to attack those three prior convictions.
>
>   I did a lot of research on that, and I went over it with my client. I even consulted with other lawyers and whatnot. And there's just no way I could find a legitimate reason or objection to attack one of those priors.
>
>   THE COURT:  I looked at it, too. It seems to me that they do qualify, and that your objection would not have been successful, I do not believe.

(Crim. Doc. 22 at 3-4.)

Thomas received a custodial sentence of 180 months, the statutory minimum under § 924(e).  (Crim. Doc. 18.)

## A.  *ALLEYNE* CLAIM[8]

Mr. Thomas alleges that he was "sentenced to an enhanced statutory sentence under the [ACCA] based on facts not charged in the indictment and not presented to a jury and proved beyond a reasonable doubt."[9]  (Doc. 1 at 4.)  The Government, however, is not required to allege and/or prove the prior convictions that were used to sentence Thomas as an armed career criminal.

> Neither the Fifth Amendment nor the Sixth Amendment prevents the district court from finding the fact of [Thomas's] prior convictions, or using them to designate him an Armed Career Criminal.  Although it is ordinarily true that all elements of a crime must be alleged by indictment and either proved beyond a reasonable doubt or admitted by a defendant, there is an exception for prior convictions.  The Constitution does not require that the government allege in its indictment and prove beyond a reasonable doubt that [Thomas] had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.
>
> *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013),] did not overrule *Almendarez–Torres* [*v. United States*, 523 U.S. 224 (1998)], and the Fifth and Sixth Amendments do not limit the use of [Thomas's] prior convictions. . . . [The district court is] bound to follow *Almendarez–Torres* unless and until the Supreme Court itself overrules that decision. . . .

---

[8]Because Thomas's *Alleyne* claim lacks arguable merit, the court has assumed, without deciding, that this claim is not procedurally barred.

[9]The court notes that the three convictions used to sentence Thomas under ACCA are actually listed in the Indictment. (Crim. Doc. 1.)  Moreover, Thomas pleaded guilty; thus he waived his right to a jury trial.  *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

*United States v. Smith*, 775 F.3d 1262, 1266 (11th Cir. 2014)(internal citations, except as indicated, and quotations omitted).

Therefore, based on the foregoing, Thomas is not entitled to habeas relief based on the failure of the Government to allege and prove his prior convictions. Thomas's Motion to Vacate, (doc. 1), on this ground will be denied.

**B.  *DESCAMPS* CLAIM**

Mr. Thomas alleges that "one of [his] prior drug offenses is not a serious drug offense under the ACCA." (Doc. 1 at 4 [citing *Descamps v. United States*, 133 S. Ct. 2276 (2013)].) He states that "at least one of his prior state drug offense did not qualify as a predicate offense for enhancement purposes as he could not have received 10 or more years for that offense." (Doc. 5 at 2.)

"The Court in *Descamps* addressed [the Eleventh Circuit's] approach to determining whether a crime constitutes a ***violent felony*** under the ***enumerated*** clause." *Mays*, 817 F.3d at 731 (emphasis added); *see also Johnson*, 135 S. Ct. at 2551 ("[T]his Court [has] held that the [ACCA] Act requires courts to use a framework known as the categorical approach when deciding whether an offense is burglary, arson, or extortion, involves use of explosives, [under the enumerated clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [under the residual clause]. Under the categorical approach, a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and ***not*** in terms of how an individual offender might have committed

it on a particular occasion.")(internal quotations and citations omitted; emphasis added). Such approach is not relevant to Thomas's prior convictions for unlawful distribution of a controlled substance, which are "serious drug offenses" under the ACCA.

As set forth above, a "serious drug offense" under state law includes "distributing . . . a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ." 18 U.S.C. § 924(e)(2)(A)(ii). Under Alabama law, "A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes a controlled substance enumerated in Schedules I through V." Ala. Code § 13A-12-211(a). "Unlawful distribution of controlled substances is a Class B felony." *Id*. (b). The term of imprisonment for a Class B felony in Alabama is "not more than 20 years or less than 2 years." Ala. Code 13A-5-6(a)(2). Therefore, both of Thomas's convictions for "unlawful distribution" qualify as "serious drug offenses" under § 924(e). The *Descamps* decision does not alter this result.

Therefore, Thomas's Motion to Vacate, (doc. 1), on this ground will be denied.

## C.  *JOHNSON* DECISION

Thomas asks "this court to assess on whether his state priors qualif[y] as a "violent felony" in . . . light of *Johnson v. United States*." (Doc. 7 at 2.) *Johnson* is concerned only with prior violent felonies under the ACCA's residual clause. Thomas's two convictions for unlawful distribution of controlled substances are "serious drug offenses" and the court did not consider these convictions to be convictions for "violent felonies" under the ACCA. The

10

court considered his conviction for second degree robbery to be a violent felony under the elements clause of the ACCA, not the residual clause invalidated in *Johnson*. *See* 18 U.S.C. 924(e)(2)(B)(i); *Johnson*, 135 S. Ct. at 2557 ("We are convinced that the indeterminacy of the wide-ranging inquiry required by ***the residual clause*** both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence ***under the clause*** denies due process of law.")(emphasis added).

> Under Alabama law,
>
> A person commits the crime of robbery in the third degree if in the course of committing a theft he:
>
> (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
>
> (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.

Ala. Code § 13A-8-43(a). "A person commits the crime of robbery in the second degree if he violates Section 13A-8-43 and he is aided by another person actually present." Ala. Code § 13A-8-42(a). Clearly, physical force or the threat of physical force is an element of robbery in the second degree in Alabama. Therefore, Thomas's conviction for robbery in the second degree is a violent felony under ***the elements clause*** of § 924(e)(2)(B).

For purpose of determining whether Thomas qualified as an armed career criminal at the time of sentencing, the court determined that two of Thomas's convictions were for "serious drug offenses" and one was for a "violent felony" under the elements clause. None

of these prior convictions were considered violent felonies under the residual clause of the ACCA. Thus, *Johnson* does not provide a basis for Thomas's claim for relief.

Based on the foregoing, the court finds that Thomas's Motion to Vacate, (doc. 1), on this ground is due to be denied.

## D.  INEFFECTIVE ASSISTANCE

Thomas contends that he received ineffective assistance of counsel because "counsel was apparently unaware that Thomas's prior offenses did not qualify as predicate offenses for purposes of the ACCA enhancement," and "counsel's failure to investigate and inform himself of the applicable law resulted in erroneous legal advice that clearly prejudiced Thomas by way of the ACCA statutory enhancement." (Doc. 1 at 5.) The record rebuts Thomas's allegations with regard to counsel's lack of investigation into his prior criminal history and it shows that any objection to the enhancement "would not have been successful." (*See* Crim. Doc. 22 at 3-4.)

"An ineffective assistance claim has two components:  A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)(citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the

>conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. Therefore, to establish his entitlement to relief, Thomas must show that his counsel's performance "fell below an objective standard of reasonableness" and that this deficient performance "actually had an adverse effect on the defense." *Id*. at 687-88, 693.

In his Motion to Vacate, Thomas contends that his counsel was ineffective for failing to challenge his prior convictions at sentencing. For the reasons set forth above, the court finds the record clearly established the three qualifying convictions and any argument from Thomas's counsel to the contrary would have been rejected by the court. (*See* Crim. Doc. 22 at 3-4.) Therefore, the court finds Thomas cannot show deficient performance or prejudice sufficient to support his ineffective-assistance claim. *Strickland*, 466 U.S. at 687-88, 693; *see United States v. Padgett*, No. 5:06-CR-13-RS-GRJ, 2015 WL 1931231, *9 (N.D. Fla. Apr. 28, 2015)("Defendant has established no sentencing error, and no basis for relief under § 2255, as to this claim. For these reasons, Defendant has also failed to establish that his trial or appellate counsel performed deficiently by not asserting arguments [based on a sentencing error] because such arguments would have been futile."); *see also Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996)("Because the failure to take a futile action can never be deficient performance, the district court was correct to reject this claim."); *Davis v. United States*, No. CR 110-041, 2013 WL 1130590, at *10 (S.D. Ga. Jan. 15, 2013)("In

other words, Petitioner cannot allege prejudice from any supposed failing of counsel where the conduct he asserts counsel should have undertaken would have been fruitless.").

Based on the foregoing, Thomas's Motion to Vacate, (doc. 1), on this ground will be denied.

## CONCLUSION

Based on the foregoing, the Motion to Vacate filed by petitioner Eddie Jerome Thomas, (doc. 1), is due to be denied. An Order denying the Motion to Vacate and dismissing his petition will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Thomas has not demonstrated that he was denied any constitutional right or that the issue he raises is reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this the 15th day of September, 2016.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE